UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

SIMPLIFIED EMPLOYMENT
SERVICES, INC.

Case No. 06-10451

HON. GEORGE CARAM STEEH

On appeal from the
Bankruptcy Court for the Eastern
   District of Michigan
Case No. 01-53172
Chapter 11
Hon. Steven W. Rhodes

_____/

SIMPLIFIED EMPLOYMENT SERVICES, INC.,

      Plaintiff/Appellant,

v.                                                                          Adv. No. 03-4671

BENEFIT SERVICES, INC.,

      Defendant/Appellee.

_____/

ORDER AFFIRMING BANKRUPTCY COURT'S ORDER STAYING JUDGMENT
PENDING APPEAL WITHOUT BOND

INTRODUCTION

     This appeal relates to two cases currently on this court's docket, Case Nos. 05-CV-74735 and 05-74516, scheduled for oral argument on May 25, 2006. Those cases comprise the appeal and cross-appeal of a November 17, 2005 judgment of the

Bankruptcy Court for the Eastern District of Michigan.  The opinion in that case held defendant/appellee Benefit Services, Inc. (BSI) responsible for a fraudulent transfer of $1.3 million of plaintiff/appellant Simplified Employment Services' (SES) funds.

The instant case is the appeal taken by SES from the Bankruptcy Court's later decision to stay the execution of the November 17, 2005 judgment pending appeal, without requiring BSI to post a supersedeas bond, which SES asserts was an abuse of discretion.  The Bankruptcy Court's order to that effect was entered on January 3, 2006.  Because the court has determined that oral argument would not assist its determination on this matter, it is hereby ordered that this appeal will be resolved without a hearing, as contemplated by the court's earlier order in this matter.  See Fed. R. Bankr. P. 8012.

## STANDARD

The parties are in agreement as to the applicable standard of review here: the bankruptcy court's determination to stay its judgment without a bond is reviewed for an abuse of that court's discretion.  See Hamlin v. Charter Twp. Of Flint, 181 F.R.D. 348, 350 (E.D.Mich. 1998), Dillon v. City of Chicago, 866 F.2d 902, 904 (7th Cir. 1988).  Such a determination requires that this court find the lower court committed clear error.  See Logan v. Dayton Hudson Corp., 865 F.2d 789, 790 (6th Cir. 1989).

## DISCUSSION

Under Fed. R. Civ. P. 62(d), a party filing a supersedeas bond is entitled to a stay of a money judgment.  See Arban v. West Pub. Corp., 345 F.3d 390, 409 (6th Cir. 2001). A decision on staying execution of the judgment and whether to require the posting of a bond pending appeal requires consideration of certain factors by the bankruptcy judge. Accordingly, in this case, the bankruptcy court considered BSI's motion to stay

execution of the judgment pending appeal, and initially required that BSI post a 125% surety bond. That requirement was withdrawn following BSI's motion for reconsideration, in which BSI demonstrated to the court's satisfaction that it could neither satisfy the bond requirement with its own resources nor secure a surety bond. Therefore, the stay granted in this case was not conditioned on the posting of a bond, and was granted in the bankruptcy court's discretion.

In making a decision on an application for a stay, courts should consider four factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably harmed absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." Federal Insurance Co. v. County of Westchester, 921 F.Supp. 1136, 1138 (S.D. NY 1996) (quoting Hilton v. Braunskill, 481 U.S. 770, 776 (1987)). As argued by BSI, SES does not specifically argue that the bankruptcy court erred in its application of these factors to the circumstances, but rather argues that BSI engaged in a course of action which conveniently let BSI off the hook for posting a bond while at the same time jeopardized SES' ultimate collection of the judgment. SES emphasizes certain transactions entered into by appellee over the course of the bankruptcy litigation, in particular the elective purchase of a $668,000 annuity contract for BSI chairman Robert C. Frazier, Sr., rather than making alternative annual payments, and the transfer of "six (6) key accounts to affiliated companies, resulting in an annual decrease in revenue to BSI of $600,000." SES states "[t]he issue is whether BSI's claim of self-imposed poverty should have been

accepted by the Bankruptcy Court as an excuse for its inability to post the required bond." Appellant's Brief on Appeal, p. 9.

As argued by appellee BSI, the bankruptcy court in this matter did consider each of the factors listed above.  The court more than once stated its determination that the appeal had substantial merit, based on the hard faught battle in court and the potential for a reviewing court to differ in its judgment.  See, e.g. November 29, 2005 Hearing Transcript, p. 20.  Turning to the other factors, the court found that execution of the judgment pending appeal would do serious if not "fatal" damage to BSI's business.  This finding relied on evidence of BSI's financial condition, collected over the course of argument conducted on two different occasions, following which the bankruptcy court made its factual finding that BSI could not afford to post a cash bond.  Concerning a surety bond, the bankruptcy court adjourned the hearing in the matter to December 9, 2005, to allow BSI to attempt to secure a surety bond.  At that time, BSI submitted an affidavit and many pages of supporting documents, and the bankruptcy court determined that "[t]he record overwhelmingly establish[ed] that such a surety bond [was] unavailable to the defendant."  December 9, 2005 Hearing Transcript, p. 11.

Turning to the third factor, it was the bankruptcy court's opinion that refusal to grant a stay on execution could "potentially have a prejudicial impact on the plaintiff's ability to collect on this judgment."  November 29, 2005 Hearing Transcript. p. 22.  This finding was also based on the court's consideration of extensive argument and proffers concerning the financial status of BSI, and what impact collection of the judgment would likely have on BSI.  Concerning whether there were public interest considerations in making the bond determination, the bankruptcy court's finding was only "the

4

consideration that litigation and especially litigation in a bankruptcy context should be resolved as promptly and expeditiously as possible." Id.

As discussed in the case of Bank of Nova Scotia v. Pemberton, 964 F.Supp. 189, 192 ( (citing Olympia Equipment v. Western Union Telegraph Co., 786 F.2d 794, 797 (7th Cir. 1986), among other precedent) :

> [i]n cases in which courts have determined that it would be impossible for a party to post a full bond, the courts were faced with two alternatives: they could either allow the party to post some form of alternate security, or deny the stay and allow the execution of the judgment...[t]hus, the issue is one of the adequacy of alternate security to protect the prevailing parties' interests.

In this matter, the bankruptcy judge was faced with BSI's inability–whether or not self imposed[1]–to secure the desired bond. The bankruptcy court had faced this issue at an earlier hearing, at which it considered the allegedly elective financial condition of BSI. BSI argued against SES's portrayal of sinister action on BSI's part, asserting that Mr. Frazier was entitled to the funds paid him when he retired, which he did at age 69 while this action was pending. November 29, 2005 Hearing Transcript, p. 16.

It is not disputed that the question for this court to answer, on appeal, is not whether it would have taken the same steps as the bankruptcy court if it had been faced with BSI's request to stay execution of the judgment and waive a bond requirement

---

[1] SES' argument was, in summary that "BSI diverted $700,000 to Robert Frazier, Sr., by prepaying his noncompete and diverted $900,000 to an affiliated company by diverting over six key customers to that company in the midst of this litigation. That 700,000 and 900,000 coincidentally comes to precisely the million six the defendants say is necessary for them to post in order to secure a security bond. If they hadn't diverted the money, they'd have the money to post the bond, to secure the irrevocable letter of credit and secure the bond that they now ask to be relieved from. Any ability or inability to secure a bond right now is self-imposed by the officers and directors of BSI during the course of this litigation." December 9 Hearing Transcript, p. 6.

pending appeal, but whether the bankruptcy judge committed clear error in making his determination. The court cannot make such a finding here. Judge Rhodes clearly–and carefully-- considered the circumstances argued by BSI in its motion, and how the facts as offered by the parties fit into the circumstances, and fashioned a solution he considered fair. Rather than force BSI to post a bond or face execution on the judgment, which in the court's determination would jeopardize the very existence of BSI, the court placed a number of conditions on the stay pending appeal, which the parties negotiated and are set forth in the bankruptcy court's order of January 3, 2006. These conditions include SES' lien, with further conditions, on the assets of BSI; the promise of BSI not to incur long-term debt; a lien on the stock and/or equity interests of two BSI-affiliated businesses; and the ability of SES to audit BSI every six months.

## CONCLUSION

For the reasons given above, this court finds no abuse of discretion in either the course of actions taken by or the order entered by Judge Rhodes in this matter, and his order of January 3, 2006 is hereby AFFIRMED.

IT IS SO ORDERED.

S/George Caram Steeh<br>
GEORGE CARAM STEEH<br>
UNITED STATES DISTRICT JUDGE

Dated: May 22, 2006

## CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record on May 22, 2006, by electronic and/or ordinary mail.

S/Josephine Chaffee<br>
Secretary/Deputy Clerk